UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOUISIANA CLEANING SYSTEMS, INC. ET AL. | CIVIL ACTION NO. 16-00014 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Plaintiffs Louisiana Cleaning Systems, Inc. ("LA Cleaning Systems") and Charles Nugent's ("Nugent") "Motion for Issuance of a Preliminary Injunction" (Record Document 13). For the reasons which follow, Plaintiffs' Motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

LA Cleaning Systems is a Louisiana corporation licensed to do business in the state and domiciled in Jefferson Parish, Louisiana. See Record Document 1 at ¶ 1. Its sole business is to sell Kirby vacuum cleaners exclusively through door-to-door sales to residents by knocking on doors or ringing doorbells. See id. at ¶ 4. Nugent is the owner of LA Cleaning Systems. See Record Document 13-2 at ¶ 1.

Section 42-277 of the Shreveport Municipal Code is a municipal ordinance banning uninvited door-to-door sales calls at private residences in the city. Section 42-277 provides:

> Entering private residence without invitation.
>
> It shall be unlawful for any solicitor, peddler, hawker, itinerant merchant or transient vendor of merchandise to go in and upon any private residence in the city, not having been requested or invited to do so by the owner or occupant of such residence, for the purpose of soliciting orders for the sale of goods, wares and merchandise, or for the purpose of disposing of or

> peddling or hawking such goods, wares and merchandise. Such practice is hereby declared to be a nuisance and punishable as a misdemeanor; provided, however, that the provisions of this section shall not apply to the vending or sale of ice, or soliciting orders for the sale of ice, milk and dairy products, truck vegetables, poultry and eggs, and other farm and garden produce, so far as the sale of the named commodities is authorized by law.

Record Document 13-1 at 2. Plaintiffs allege that they have sought to obtain a permit to sell their vacuum cleaners door-to-door in Shreveport, but have had their applications for a permit rejected on multiple occasions by City of Shreveport employees David Duncan ("Duncan") and Brian Crawford ("Crawford") and former employee Dale Sibley ("Sibley"), all of whom cited Section 42-277 as authority for denying the permits. See Record Document 1 at ¶ 6.

LA Cleaning Systems and Nugent filed suit against the City of Shreveport, Shreveport Mayor Ollie S. Tyler, Duncan, Crawford, and Sibley (collectively "Defendants") on January 8, 2016, alleging that Section 42-277 violates their First Amendment right to freedom of speech and the Fourteenth Amendment's Equal Protection clause. See Record Document 1 at ¶¶ 1-2. Plaintiffs seek declaratory relief, a permanent injunction, and "actual and constitutional damages" against all Defendants. See id. at 10. Plaintiffs also seek punitive damages against City of Shreveport employees Duncan and Sibley in their individual capacities.[1] See id. at 10. On June 8, 2016, Plaintiffs filed the instant Motion for Issuance of a Preliminary Injunction. See Record Document 13. Defendants responded on July 21, 2016, and Plaintiffs filed a reply brief on July 28, 2016. See Record Documents 21, 22.

---

[1] Though Plaintiffs' complaint included Crawford in its factual allegations and in its requests for declaratory relief, injunctive relief, and actual and constitutional damages, it did not include a request for punitive damages from Crawford. See Record Document 1 at 10.

**LAW AND ANALYSIS**

I.  **Legal Standards.**

A party must establish four elements to obtain a preliminary injunction: (1) a substantial likelihood of success on the merits; (2) a substantial likelihood that that party will suffer irreparable harm without a preliminary injunction; (3) that the balance of equities is in favor of the party seeking the injunction; and (4) that an injunction is in the public interest. See Winter v. NRDC, Inc., 555 U.S. 7, 20 (2008); see also Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). The decision to grant or deny a preliminary injunction lies within the discretion of the district court. See Lakedreams, 932 F.2d at 1107.

Commercial speech is defined as expression related solely to the economic interests of the speaker and its audience. Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n, 447 U.S. 557, 561 (1980). Commercial speech that is misleading or is related to unlawful activity is not protected by the First Amendment, but commercial speech that is not misleading and is lawful is protected by the First Amendment. See Fla. Bar v. Went for It, 515 U.S. 618, 623-24 (1995). However, the protection afforded to commercial speech is only "a limited measure of protection, commensurate with its subordinate position in the scale of First Amendment values." Id. at 623.

The test for whether commercial speech regulations are valid under the First Amendment is a three-prong test. See Cent. Hudson Gas & Elec. Corp., 447 U.S. at 564-65. "First, the government must assert a substantial interest in support of its regulation; second, the government must demonstrate that the restriction on commercial speech directly and materially advances that interest; and third, the regulation must be 'narrowly drawn.'" Id. at 624.

The parties agree that the speech at issue in this case is commercial speech. See Record Document 13-1 at 5; see Record Document 21 at 9. Though the manner of expressing the speech at issue in this case (uninvited door-to-door solicitation) is unlawful under Section 42-277, the underlying speech that Plaintiffs claim is being unconstitutionally regulated (advertisement and discussion of vacuum cleaners for sale) is itself neither inherently misleading nor unlawful. Therefore, the Court will analyze the Motion for Issuance of Preliminary Injunction under Central Hudson's three-prong commercial speech test.

## II. Analysis.

Plaintiffs' Motion for Issuance of Preliminary Injunction must fail because Plaintiffs have not shown a substantial likelihood of success on the merits, the first element necessary to obtain a preliminary injunction. See Winter, 555 U.S. at 20. In another recent case involving a constitutional challenge to Section 42-277, this Court held on cross-motions for summary judgment that, as a matter of law, Section 42-277 is constitutional. See Vivint La. v. City of Shreveport, 2016 U.S. Dist. LEXIS 136191 (W.D. La. 2016). In doing so, the Court applied the three-prong Central Hudson test.

First, the Court held that the City of Shreveport had asserted a substantial interest in protecting both (1) the safety of its residents and (2) the privacy of its residents. See id. at *7-8. The City of Shreveport relied upon the affidavit of Deputy Chief Duane Huddleston ("Huddleston") of the Shreveport Police Department, an affidavit identical to the one the City submitted in the instant action. See id. at *7-13; see Record Document 21-2. Huddleston's affidavit states that, among other benefits, Section 42-277 helps prevent home invasions and burglaries by limiting the number of strangers approaching

people's residences and allowing residents to be sure that no strangers who do approach their residences are legitimate salesmen. See Record Document 21-2 at ¶¶ 3-6. According to Huddleston, burglaries in Shreveport fell from a record high of 6,404 to 2,095 from 1990 to 2014, and Huddleston stated the opinion that Section 42-277 played a large part in helping to reduce the number of burglaries in Shreveport. See id. at ¶ 4. Based on this affidavit, the Court concluded that the City of Shreveport had asserted sufficiently substantial interests to meet the first prong of the Central Hudson test. See Vivint La., 2016 U.S. Dist. LEXIS 136191 at *12-13.

Second, the Court held that Section 42-277 directly and materially advanced the substantial interests the City had set forth. See id. at *13-14. Again citing to Huddleston's opinions and supporting facts, particularly his opinion that the ordinance has a deterrent effect upon using commercial solicitation as a method of canvassing properties for future burglaries, the Court concluded that Section 42-277 directly and materially advances the important interests of protecting (1) the safety of its residents and (2) the privacy of its residents. See id.

Third, the Court held that Section 42-277 was narrowly drawn to advance the City's stated interests. See id. at *14-18. The "narrowly drawn" requirement is not the same as a "least restrictive means" test that is used in some other areas of constitutional law; rather, the test requires only that there be a reasonable fit between the regulation and the interests advanced. See id., *citing* Fla. Bar, 515 U.S. at 632. Thus, the City of Shreveport is not required to find a less restrictive means of advancing these interests than Section 42-277 provides; rather, there must simply be a reasonable fit between that Section's ban on most forms of door-to-door solicitation and the important interests of protecting both

(1) the safety of its residents and (2) the privacy of its residents. Finding that because Section 42-277 advances these important interests without prohibiting other methods of engaging in commercial speech (such as pre-arranged in-home sales calls or radio, TV, internet, telephone, direct mail, or billboard advertising), the Court held that Section 42-277 is narrowly drawn to advance the City's stated interests. See id. at *17-18.

The arguments Plaintiffs advance are not materially different from the arguments advanced by the plaintiffs in Vivint La.[2] See id. at *6-19. In Plaintiffs' Motion itself, Plaintiffs' argument on whether it has a substantial likelihood of success on the merits is as follows:

> Commercial Speech is protected speech under the First Amendment. Commercial speech is protected as long as it is not misleading or it leads to criminal activity. Speech which does no more than propose a commercial transaction is protected by the First Amendment. This is not new law but goes back to many United States Supreme Court decisions since 1980. Unsolicited proposals for business transactions are protected speech under the First Amendment. The First Amendment provides protection for door-to-door solicitation.
>
> It can hardly be doubted that Defendant's ordinance, which precludes all forms of door-to-door solicitation (except for the sale of fresh foodstuffs) categorically bans an entire segment of constitutionally protected speech. Clearly the ordinance will be set aside and Plaintiffs will prevail on the merits.

---

[2] Plaintiffs in the instant action also advance an argument that Section 42-277 violates the Equal Protection clause of the Fourteenth Amendment. See Record Document 1 at ¶¶ 22-26. The alleged class against whom the ordinance discriminates is those who wish to engage in door-to-door solicitation. See id. This is not a suspect classification, so the ordinance is subject to neither intermediate scrutiny nor strict scrutiny, but rather to rational basis scrutiny. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 83-84 (2000) (applying a rational basis test to the non-suspect classification of age). As rational basis scrutiny is an even lower standard for Defendants to meet than the Central Hudson test, Plaintiffs also cannot show a substantial likelihood of success on the merits of their Equal Protection argument.

Record Document 13-1 at 5 (internal citations and quotations omitted). This argument, though mostly correct in its recitation of the law, does not recognize that commercial speech is entitled to only "a limited measure of protection, commensurate with its subordinate position in the scale of First Amendment values." Fla. Bar, 515 U.S. at 623. Thus, this argument does not address the lower standards applicable to regulation of such speech as set forth in Central Hudson.

Plaintiffs cite to several cases in their Reply brief that are somewhat more specific than the general statements quoted above, but they nonetheless do not change the Court's conclusion that Plaintiffs have not shown a substantial likelihood of success on the merits. N.J. Envtl. Fed'n v. Wayne Twp., 310 F. Supp. 2d 681, 691-92 (D.N.J. 2004), is distinguishable because there, the court addressed a regulation of charitable and political solicitation rather than purely commercial speech. Hynes v. Mayor & Council of Oradell, 425 U.S. 610, 612-13 (1976), is also distinguishable because it addressed an ordinance that only regulated "persons soliciting for a recognized charitable cause, or any person desiring to canvass, solicit or call from house to house for a . . . political campaign or cause" and not purely commercial speech. Regulations of speech on economic, political, or social issues, even when the speech is coupled with solicitations for money, are not afforded the deferential review standard of Central Hudson that is used for purely commercial speech. See Schaumburg v. Citizens for Better Env't, 444 U.S. 620, 632 (1980).

Finally, the arguments Defendants advance in opposition to the instant Motion are nearly identical to the winning arguments they advanced in Vivint La. Huddleston's affidavit is identical to the affidavit in Vivint La. See 2016 U.S. Dist. LEXIS 136191 at *8-

11. However, the City of Shreveport also attached (1) an affidavit by Steve Prator, Sheriff of Caddo Parish ("Prator"), and (2) an opinion by the Louisiana Second Circuit Court of Appeal that dealt with a similar constitutional challenge to Section 42-277. See Record Documents 21-1, 21-3. Prator's opinions generally align with those of Huddleston. See Record Document 21-1. However, Prator also adds that some residents are defensive when approached by strangers at their homes because of the number of home invasions that have occurred in Shreveport, and that this defensiveness can at times lead to potentially violent confrontations. See Record Document 21-1 at ¶ 6. The Second Circuit's opinion in Burrell v. City of Shreveport, No. 30,768-CA (La. App. 2 Cir. 1998), confirms that other constitutional challenges to Section 42-277 have failed on essentially the same rationale outlined above. Thus, with the addition of Prator's affidavit and the confirmation from Burrell v. City of Shreveport, Defendants' argument in the instant action is even stronger than Defendants' argument in Vivint La.

In response to Defendants' opposition brief, Plaintiffs attached additional evidence to their reply brief supporting the instant Motion. See Record Document 22. This evidence includes (1) an expert affidavit by John G. Peters, Jr., Ph.D.; (2) an affidavit by Nugent; (3) numerous peddler's licenses from various Louisiana parishes and municipalities, including Caddo Parish; and (4) an affidavit and Census Bureau printout regarding Louisiana, Caddo Parish, and Shreveport population statistics used in Peters' affidavit. See id. Though the Court considered this evidence, it does not change the conclusion that Plaintiffs have not shown a substantial likelihood of success on the merits. Nugent's sworn facts regarding a lack of home invasions associated with LA Cleaning Systems' employees and Plaintiffs' alleged damages are irrelevant to whether Defendants satisfied

the Central Hudson test, as are the other peddler's licenses. See Record Documents 22-2, 22-3. Plaintiffs' expert affidavit expresses an opinion disagreeing with that of Sheriff Prator and Huddleston. See Record Document 22-1. However, it does not alter the Court's conclusion from Vivint La. that Section 42-277 satisfies the Central Hudson test in light of the important interests the ordinance serves, and it does not demonstrate a substantial likelihood of success on the merits.

Therefore, because Plaintiffs are unable to demonstrate a substantial likelihood of success on the merits, Plaintiffs' Motion for Issuance of Preliminary Injunction is **DENIED**.

## CONCLUSION

The Court finds that Plaintiffs cannot show a substantial likelihood of success on the merits of their request for a permanent injunction. As a substantial likelihood of success on the merits of the permanent injunction is a necessary element Plaintiffs must prove to obtain a preliminary injunction, Plaintiffs' Motion for Issuance of Preliminary Injunction (Record Document 13) is **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 17th day of November, 2016.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE