UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LOUISIANA CLEANING SYSTEMS, INC.        CIVIL ACTION NO. 16-cv-0014

VERSUS                                   CHIEF JUDGE HICKS

CITY OF SHREVEPORT, ET AL                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the court is Plaintiff's Motion to Compel (Doc. 49) the depositions of Shreveport City Council members William Bradford, Sr. and Oliver Jenkins, Shreveport Mayor Ollie Tyler, and Shreveport City Attorney William Bradford, Jr. (hereafter "the City Officials").  Plaintiff argues that the depositions are relevant to its claim that Shreveport had an unconstitutional policy prohibiting door-to-door commercial solicitation.  According to Plaintiff, the City has since amended its door-to-door solicitation ordinance as part of a settlement agreement in a nearly identical case.  Plaintiff wants to depose the City Officials regarding their discussions during an Executive Session that immediately preceded the Council meeting during which the ordinance was amended.  Plaintiff also wants to depose the City Officials about the public comments they made just prior to and immediately after their vote on the amendment.  The City Officials have refused to submit to the depositions based on privilege and other grounds.

Plaintiff argues that any privilege that the City Officials may have had regarding their discussions while in executive session was waived when the City Officials discussed this lawsuit in public during the Council session.  The video of the public meeting

(containing the votes and the comments) are attached to the Motion to Compel as Exhibit A (video) and Exhibit B (transcript).

Defendants argue that the deposition requests are improper in light of the deliberative process privilege, legislative privilege, and attorney-client privilege. Defendants also argue that the Apex Doctrine prohibits depositions of these high ranking City officials without good cause.

The court finds that Plaintiff's Motion to Compel (Doc. 49) should be denied. Under Louisiana law and federal common law, records of an executive session that is held to discuss prospective or pending litigation can, under appropriate circumstances, be protected by the Executive Session Privilege. Angelcare v. St. Bernard Parish, 2018 WL 1172947 (E.D. La. 2018). The parties' briefs and exhibits show that the executive session was held immediately prior to the council's vote to amend the ordinance to settle a case nearly identical to this case. The City Attorney, as well as outside counsel (who is counsel of record for Defendants in this case and who Plaintiff suggests may also need to be deposed), advised the council members regarding the litigation and the reason for the amendment.

A second basis for denying the motion is the doctrine of Legislative Immunity, which cloaks legislators with immunity not only from suit but also from being compelled to testify on matters relating to their legislative actions. Bogan v. Scott-Harris, 523 U.S. 44, 55 (1998). In the Fifth Circuit, legislative immunity has been extended to local legislators for acts in furtherance of their legislative duties. Hernandez v. City of Lafayette, 643 F.2d 1188, 1193 (5th Cir. 1981).

In Cunningham v. Chapel Hill, 438 F.Supp.2d 718 (E.D. Tex. 2006), the court held that the testimonial privilege afforded by the Doctrine of Legislative Immunity protected the trustees of a local school board from having to testify regarding their vote to deny a plaintiff's grievance.  The court found that the vote taken by the Board of Trustees was a legislative act.  Similarly, in Villa Real v. Dallas County, 2011 WL 4850258 (N.D. Tex. 2011), the court held that the regional legislators' immunity included a testimonial privilege that protected the legislators from being deposed against their will.

Other courts in this circuit have held that the legislative privilege is qualified and can only be applied after the balancing of interests of the party seeking disclosure against the interests of the party claiming the privilege.  Perez v. Perry, 2014 WL 106927 (W.D. Tex. 2014).  The qualified privilege approach looks at five factors to perform the balancing test: (1) the relevance of the evidence sought to be protected; (2) the availability of other evidence; (3) the seriousness of the litigation and the issues involved; (4) the role of the government in the litigation; and (5) the possibility of future timidity by government employees who will be forced to recognize that their secrets are not violable.

The balance of these factors leads to the conclusion that the privilege should apply.  The court perceives little, if any, relevance to this litigation about the discussions that were held during the executive session.  It would seem that the key facts in this case are that the City had an ordinance that Plaintiff contends unconstitutionally prohibited commercial door-to-door solicitation, that the ordinance was later amended to permit solicitation if certain requirements are met, and how these ordinances have affected Plaintiff's business in the City.

Other sources of evidence relevant to Plaintiff's claims could be obtained by deposing the persons employed by the City who actually dealt with Plaintiff on these matters or who processed, granted, or denied Plaintiff's requests for permits.

The seriousness of the litigation and the role of the government in the litigation are factors that favor Plaintiff, as Plaintiff is attempting to enforce or protect important First Amendment rights that were (or are) allegedly being infringed by the City.

Finally, if local government officials are required to sit for depositions every time they vote for amending an ordinance that has impacts on citizens or businesses wanting to do business in their community, members of the community may not as readily seek public office.

Plaintiff argues that if any privilege existed, it was waived when the council members held a public session prior to their vote and they commented publically about the ordinance and referenced this litigation. However, the court finds that the public statements referenced by Plaintiff were made pursuant to the council members' legislative function. And the City Attorney's brief explanation of the reasons for the amendment, which was clearly done for the benefit of the members of the community, did not reveal confidential information to third parties and thereby waive the privilege.

For these reasons, Plaintiff's **Motion to Compel (Doc. 49)** is **denied**. In light of the two independent reasons for denying Plaintiff's motion, Defendants' other arguments need not be considered.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of June, 2018.

Mark L. Hornsby
U.S. Magistrate Judge