**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| LOUISIANA CLEANING SYSTEMS, INC. | CIVIL ACTION NO. 16-0014 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are pending motions filed by the parties pursuant to Federal Rule of Civil Procedure 56: (1) Defendants City of Shreveport, Ollie S. Tyler, David Duncan, Brian Crawford, Dale Sibley, and Jeff Landry's (collectively "Defendants") Motion for Summary Judgment (Record Document 101); and (2) Plaintiff Louisiana Cleaning Systems, Inc.'s ("Plaintiff") Motion for Partial Summary Judgment (Record Document 83). Defendants seek dismissal of all of Plaintiff's claims. For the reasons set forth below, Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

**I.    BACKGROUND**

Plaintiff is a Louisiana corporation licensed to do business in the state and domiciled in Jefferson Parish, Louisiana. See Record Document 46 at 1. Its sole business is to sell Kirby vacuum cleaners exclusively through door-to-door sales to residents by knocking on doors or ringing doorbells. See id. at 2.

On January 8, 2016, Plaintiff filed the instant suit pursuant to Section 1983 alleging that the version of Shreveport Ordinance Section 42-277 in effect at that time, which prohibited uninvited, door-to-door commercial solicitation, was a violation of its First Amendment right to freedom of speech and the Fourteenth Amendment's Equal

Protection Clause. See Record Document 1 at 1–2. The version of Section 42-277 in effect at that time provided as follows:

> It shall be unlawful for any solicitor, peddler, hawker, itinerant merchant or transient vendor of merchandise to go in and upon any private residence in the city, not having been requested or invited to do so by the owner or occupant of such residence, for the purpose of soliciting orders for the sale of goods, wares and merchandise, or for the purpose of disposing of or peddling or hawking such goods, wares and merchandise. Such practice is hereby declared to be a nuisance and punishable as a misdemeanor; provided, however, that the provisions of this section shall not apply to the vending or sale of ice, or soliciting orders for the sale of ice, milk and dairy products, truck vegetables, poultry and eggs, and other farm and garden produce, so far as the sale of the named commodities is authorized by law.

Record Document 110-1 at 5. On June 8, 2016, Plaintiff filed a Motion for Preliminary Injunction, which this Court denied on November 17, 2016, in light of its previous ruling in Vivint La. v. City of Shreveport, 213 F. Supp. 3d 821 (W.D. La. 2016), upholding the constitutionality of the ordinance. See Record Document 28 at 1, 4.

Thereafter, on September 23, 2017, the Shreveport City Council voted to amend the ordinance, which now allows individuals to partake in door-to-door commercial soliciting if certain requirements are met, such as applying for and obtaining a permit from City officials, as well submitting background check information. See Record Document 46 at 5–6. On October 26, 2017, one of Plaintiff's employees mailed an application to the City of Shreveport to obtain a permit. See Record Document 36-8.

On December 5, 2017, Plaintiff filed a Motion for Leave to Amend its complaint, arguing that the alleged "delay" following its mailing of its permit application also constituted a deprivation of its constitutional rights, and further adding additional claims. Record Document 36-1 at 6, 8. Defendants responded by filing an opposition to the motion, arguing that Plaintiff had not followed up with the City and taken the steps required

to complete the permitting process. See Record Document 42 at 2. However, on January 22, 2018, a representative of Plaintiff completed said process and received a permit to partake in door-to-door commercial solicitation, after paying City officials a deposit fee for an "identifying vest." Record Document 57-4; Record Document 110-1 at 11. On January 31, 2018, Plaintiff's Motion for Leave to Amend was granted, after which Plaintiff filed its "First Supplemental Petition for Damages." Record Documents 45 and 46. Plaintiff asserts several claims against Defendants due to alleged deprivations of Plaintiff's constitutional rights resulting from both the pre-amendment version, as well as the current version, of Section 42-277. See Record Document 46 at 10–14. These claims request various forms of relief, including, *inter alia*, declaratory and injunctive relief, compensatory damages in the form of lost profits, and punitive damages against Defendant David Duncan in his individual capacity. See id.

On May 14, 2018, Defendants filed a Partial Motion to Dismiss, seeking the dismissal of all of Plaintiff's claims except for Plaintiff's facial challenge to the pre-amendment version of the ordinance. See Record Document 57 at 1–2. Thereafter, Defendants filed a Motion for Summary Judgment in which they incorporate their previously filed Partial Motion to Dismiss, and further seek summary judgment dismissing Plaintiff's action in its entirety. See Record Document 101-1 at 9–10. Accordingly, the Court, for efficiency purposes, subsequently denied Defendants' Partial Motion to Dismiss, noting that it would consider Defendants' arguments asserted in the Motion when ruling on their Motion for Summary Judgment. See Record Document 119 at 2.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010).[1] A genuine dispute of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. See Geoscan, Inc. of Texas v. Geotrace Techs., Inc., 226 F.3d 387, 390 (5th Cir. 2000). During this stage, courts must look to the substantive law underlying the lawsuit in order to identify which facts are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof [at trial]." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986)). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion

---

[1] The Court notes that amended Rule 56 requires that there be "no genuine dispute as to any material fact," but this change does not alter the court's analysis. Fed. R. Civ. P. 56(a) and advisory committee's note (2010) (emphasis added).

for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

In reviewing a motion for summary judgment, the court is to view "the facts and inferences to be drawn therefrom in the light most favorable to the non-moving party." Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp., Inc., 292 F.3d 471, 478 (5th Cir. 2002); Harris v. Serpas, 745 F.3d 767, 771 (5th Cir. 2014). The court should not, however, in the absence of any proof, presume that the nonmoving party could or would prove the necessary facts. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

### B. Section 1983 Claims

The Court first addresses Plaintiff's claims seeking relief due to alleged deprivations of its constitutional rights resulting from the pre-amendment version of Section 42-277, which Plaintiff contends is unconstitutional as written.[2] See, e.g., Record Document 46 at 11. Commercial speech is defined as expression related solely to the economic interests of the speaker and its audience. See Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n, 447 U.S. 557, 561 (1980). Commercial speech that is misleading or is related to unlawful activity is not protected by the First Amendment, but commercial speech that is not misleading and is lawful is protected by the First Amendment. See Fla.

---

[2] The Court notes that the parties spend pages arguing whether Plaintiff can prove that it "lost profits with reasonable certainty" as required for its compensatory damages claim. See Record Document 101-1 at 22–24; Record Document 110 at 22–23. However, because Plaintiff's alleged damages are irrelevant if no constitutional violation occurred at all, the Court declines to address the issue of damages. See, e.g., Toga Soc., Inc. v. Lee, No. 03-2981, 2005 WL 1578726, at *2 (E.D. La. June 29, 2005).

Bar v. Went for It, 515 U.S. 618, 623–24 (1995). However, the protection afforded to commercial speech is only "a limited measure of protection, commensurate with its subordinate position in the scale of First Amendment values." Id. at 623.

The test for whether commercial speech regulations are valid under the First Amendment is a three-prong test. See Cent. Hudson Gas & Elec. Corp., 447 U.S. at 564–65. "First, the government must assert a substantial interest in support of its regulation; second, the government must demonstrate that the restriction on commercial speech directly and materially advances that interest; and third, the regulation must be 'narrowly drawn.'" Id. at 624. Here, the parties agree that the speech at issue is commercial speech. See Record Document 13-1 at 5; see Record Document 21 at 9.

The Court finds that its analysis in Vivint La. v. City of Shreveport, in which this Court, in addressing a constitutional challenge to the exact ordinance at issue here, held that Section 42-277 is constitutional as a matter of law, applies to the instant case; therefore, Plaintiff's claims regarding the prior ordinance are likewise denied. See Vivint La. v. City of Shreveport, 213 F. Supp. 3d 821 (W.D. La. 2016). In Vivint La., in applying the Central Hudson test to Section 42-277, the Court first held that the City of Shreveport had asserted a substantial interest in protecting both (1) the safety of its residents and (2) the privacy of its residents. See id. at 824–25. There, the City of Shreveport relied upon the affidavit of Deputy Chief Duane Huddleston ("Huddleston") of the Shreveport Police Department, an affidavit identical to the one Defendant has submitted in the instant action. See id. at 825–27; see Record Document 21-2. Huddleston's affidavit states that, among other benefits, Section 42-277 helps prevent home invasions and burglaries by limiting the number of strangers approaching people's residences and allowing residents to verify

whether such individuals are legitimate salesmen. See Record Document 21-2 at 2–4.[3] Based on this affidavit, this Court concluded that the City of Shreveport had asserted sufficiently substantial interests to meet the first prong of the Central Hudson test. See Vivint La., 213 F. Supp. 3d at 826–28.

Second, the Court concluded that Section 42-277 directly and materially advanced the substantial interests the City had set forth, citing to Huddleston's opinion that the ordinance has a deterrent effect upon using commercial solicitation as a method of canvassing properties for future burglaries. See id. at 827–28. Lastly, the Court held that Section 42-277 was narrowly drawn to advance the City's stated interests. See id. at 828–29. This last requirement was satisfied primarily due to the Court's finding that Section 42-277 advanced the City's stated interests without prohibiting other methods of engaging in commercial speech. See id.

In the instant matter, the arguments asserted by Defendants are nearly identical to the winning arguments they advanced in Vivint La. First, in addition to presenting the same affidavit as the Huddleston affidavit in Vivint La., see id. at 825–27, Defendants have submitted in the record (1) an affidavit by Steve Prator, Sheriff of Caddo Parish ("Prator"), and (2) an opinion by the Louisiana Second Circuit Court of Appeal concerning a similar constitutional challenge to Section 42-277. See Record Documents 21-1 and 21-3. Prator's affidavit, which offers many of the same opinions contained in Huddleston's affidavit, additionally submits that some residents are defensive when approached by

---

[3] According to Huddleston, burglaries in Shreveport fell from a record high of 6,404 to 2,095 from 1990 to 2014, and further provided the opinion that Section 42-277 played a large part in helping to reduce the number of burglaries in Shreveport. See Record Document 21-2 at 2–3.

strangers at their homes because of the number of home invasions that have occurred in Shreveport, and that this defensiveness can at times lead to potentially violent confrontations. See Record Document 21-1 at 3. Further, the Second Circuit's opinion in Burrell v. City of Shreveport, 728 So. 2d 34 (La. App. 2d Cir. 1998), confirms that other constitutional challenges to Section 42-277 have failed on essentially the same rationale outlined above. Thus, after considering this additional support, the Court finds that Defendants' argument in this case is even stronger than that asserted by the defendants in Vivint La.;[4] therefore, Plaintiff's claims regarding the pre-amended version of Section 42-277 are hereby denied.

The Court also addresses Plaintiff's claims to the extent they concern the amended ordinance. At the outset, the Court notes that despite various statements by Plaintiff in its briefing and Amended Complaint, see, e.g., Record Document 46 at 11, it is clear from the record that Plaintiff currently has a permit to solicit door-to-door under the ordinance. See Record Document 110-1 at 11. As such, Plaintiff's claims for declaratory and/or injunctive relief as to the amended ordinance are denied as moot on this basis alone. In addition, to the extent Plaintiff asserts a claim for damages as to the alleged delay that occurred regarding its application for a permit to solicit under the amended ordinance, see Record Document 46 at 11, the Court finds that such claims also fail. Nothing contained in Plaintiff's briefing or factual allegations concerning its application for a permit support a finding that the City officials' conduct during the application process constituted

---

[4] The Court notes that Plaintiff fails to discuss the Vivint La. decision in its various memoranda regarding the disputed motions.

a violation of Plaintiff's constitutional rights, First Amendment or otherwise. See Record Document 101-1 at 34–35.

Lastly, the Court addresses Plaintiff's purported claims that Section 42-277 also violates the Equal Protection Clause of the Fourteenth Amendment. See Record Document 46 at 11–12.[5] First, as noted in its prior ruling, the alleged class against whom the ordinance discriminates is those who wish to engage in door-to-door solicitation. See Record Document 28 at 6 n.2. This is not a suspect classification, so the ordinance is subject to neither intermediate scrutiny nor strict scrutiny, but rather to rational basis scrutiny. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 83–84 (2000) (applying a rational basis test to the non-suspect classification of age). As rational basis scrutiny is an even lower standard for Defendants to meet than the Central Hudson test, the Court likewise denies Plaintiff's claim under the Equal Protection Clause.[6]

## III. CONCLUSION

Based on the foregoing reasons, Defendants' Motion for Summary Judgment (Record Document 101) is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment (Record Document 83) is **DENIED**. Therefore, all of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

---

[5] The Court notes that it is not clear from Plaintiff's Amended Complaint or briefing whether this claim is directed toward the pre-amendment version of the ordinance, the current version, or both. See Record Document 46 at 12–13.

[6] Plaintiff also appears to assert an additional claim under the Equal Protection Clause in its Amended Complaint that "the City's refusal to issue [a] solicitation permit[] to Plaintiff[] is also a violation of the Fourteenth Amendment because the majority of Plaintiff['s] subcontractors are African American." Record Document 46 at 12–13. Notwithstanding that Plaintiff appears to abandon such claim in its most recent memorandum submitted to the Court, this claim is likewise meritless as Plaintiff fails to offer any evidence to support it. See Record Document 114 at 8 ("Plaintiff does not allege a racial animus or racial identity [claim] in the First Supplemental Petition for Damages.").

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of September, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT